1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

12

13

14

15

16

17

18

19

TIMOTHY MCDANIEL,

             Plaintiff,

      v.

MONDELEZ GLOBAL, LLC, a Delaware
Limited Liability Corporation;
and DOES 1-25, inclusive,

             Defendant.

CIV. NO. 2:14-898 WBS AC

MEMORANDUM AND ORDER RE:
MOTION TO REMAND

20

21

22

23

24

25

26

27

28

----oo0oo----

        Plaintiff Timothy McDaniel initiated this action
against defendant Mondelez Global, LLC, bringing claims arising
out of plaintiff's employment with defendant.  Defendant removed
this action from Sacramento County Superior Court on the basis of
diversity jurisdiction, 28 U.S.C. § 1332, and plaintiff now moves
to remand pursuant to 28 U.S.C. § 1447(c).

I.   Factual & Procedural Background

Plaintiff began working for defendant as a truck driver in 2011, first as a temporary employee and later on a permanent basis.  (Notice of Remand Ex. A ("Compl.") at ¶ 19 (Docket No. 1).)  In June and July 2013, plaintiff raised complaints regarding age discrimination and safety violations on the part of defendant, after which defendant allegedly suspended him without pay and ultimately terminated his employment.  (Id. ¶¶ 22-41.)

Pursuant to the collective bargaining agreement between defendant and plaintiff's union, an arbitrator determined on February 13, 2014, that defendant did not have just cause to terminate plaintiff but did have just cause to suspend him without pay for sixty days.  (Id. ¶ 45; Clark Decl. ¶ 4 (Docket No. 4).)  Accordingly, the arbitrator ordered plaintiff reinstated and made whole for any loss of pay and benefits, minus sixty days of pay.  (Compl. ¶ 45.)

Plaintiff then filed his Complaint in the Superior Court of California, County of Sacramento, on February 27, 2014, bringing claims of: (1) retaliation in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900 et seq.; (2) retaliation in violation of California Labor Code section 6310; (3) retaliation in violation of California Labor Code section 1102.5; and (4) wrongful termination in violation of public policy.  (Id. ¶¶ 50-83.)

Defendant subsequently reinstated plaintiff in March, (Clark Decl. ¶ 6), and removed the action to federal court on April 11, 2014, (Docket No. 1).  Plaintiff now moves to remand this action to state court, upon the ground that removal was

2

improper because this court lacks subject matter jurisdiction over the proceeding.  (Docket No. 4.)

II.  Discussion

    "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . where such action is pending."  28 U.S.C. § 1441(a).  However, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

    Federal courts have original jurisdiction over cases where complete diversity exists between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  Because the parties do not dispute that diversity exists between all parties, the sole issue is whether the amount in controversy exceeds $75,000.

    Plaintiff's Complaint does not specify a particular amount of alleged damages.  In such cases, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]."  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).  When determining whether the removing defendant has met this burden, the court may consider "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal.  Conclusory allegations as to the amount in controversy are insufficient."  Matheson v. Progressive Specialty Ins. Co., 319

F.3d 1089, 1090-91 (9th Cir. 2003) (per curiam) (citation and quotation marks omitted).

Plaintiff argues that the amount in controversy is less than $75,000 because he was reinstated to his position in March 2014, mitigating to some degree his claim for lost wages.[1] (Clark Decl. ¶ 4 (Docket No. 4).)  Damages for lost wages, however, are not the sole remedy plaintiff seeks.  To the contrary, each of plaintiff's claims seeks additional remedies in the form of general damages for emotional distress, punitive damages,[2] and attorneys' fees.[3]  (See Compl. ¶¶ 50-83.)

---

[1]    Defendant argues that lost wages are still in controversy because plaintiff's Complaint alleges that he was passed over for a promotion in favor of a younger and less experienced person, (Compl. ¶¶ 22-23), after which he filed an external complaint with the Equal Employment Opportunity Commission (EEOC) claiming age discrimination, (id. ¶ 30). Plaintiff's Complaint here, however, does not state a claim for age discrimination itself but instead claims that defendant retaliated against plaintiff for filing the age discrimination complaint with the EEOC.  (Id. ¶¶ 51-13.)  Accordingly, lost wages from the alleged age discrimination are not at issue.

[2]    The amount in controversy may include punitive damages when they are recoverable as a matter of law.  Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001); Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).  Because plaintiff brings a claim under FEHA, and "[p]unitive damages are recoverable for FEHA violations," Yeager v. Corr. Corp. of Am., 944 F. Supp. 2d 913, 931 (E.D. Cal. 2013) (Ishii, J.), punitive damages may be included in the amount in controversy here.

[3]    If a statue underlying plaintiff's claim authorizes an award of attorneys' fees, the court may include such fees when determining the amount in controversy.  Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998).  If plaintiff prevails on his FEHA claim, he will be entitled to attorneys' fees as a matter of right.  See Cal. Gov't Code § 12965. Accordingly, the court may consider attorneys' fees when assessing the amount in controversy.

4

Defendant points to a settlement demand letter from October 2013 as evidence of the amount at which plaintiff valued these claims.  "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."  Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (citations omitted).  In Cohn, because the plaintiff did not represent that his settlement demand was inflated, disavow the letter, or offer any contrary evidence regarding his valuation of the case, the court relied on the settlement letter to find that the amount-in-controversy requirement was met.  Id.; see also Arellano v. Home Depot U.S.A., Inc., 245 F. Supp. 2d 1102, 1108 (S.D. Cal. 2003) (finding that a letter that demanded either $70,000 or $90,000 sufficed to satisfy the amount in controversy requirement when plaintiff did not offer any argument or evidence that figures in the letter were "inflated or otherwise unreliable").

Here, in addition to $179,856 for lost wages and benefits, plaintiff's letter demanded $315,144 to compensate for his alleged emotional distress as well as attorneys' fees and punitive damages.  (Cheng Decl. ¶ 2 (Docket No. 8-1).)  Thus, even assuming that the reinstatement moots plaintiff's claim to lost wages, he still estimated that his remaining remedies were valued at an amount over the jurisdictional requirement of $75,000.

Plaintiff, as in Cohn, also does not claim that his settlement demand was inflated, disavow the letter, or offer any

contrary evidence regarding his valuation of the case.[4]  See Cohn, 281 F.3d at 840.  Nor does plaintiff offer any argument or evidence that the figures in the settlement letter were "otherwise unreliable."  Arellano, 245 F. Supp. 2d at 1108. Instead, plaintiff's counsel acknowledges the letter but simply chides defendant for not responding to it.  (Clark Decl. ¶ 6 (Docket No. 9-1).)  The letter thus "appears to reflect a reasonable estimate of the plaintiff's claim," Cohn, 281 F.3d at 840, and provides relevant evidence, uncontroverted by plaintiff, regarding the amount in controversy in this action.

Accordingly, because defendant has demonstrated that it is more likely than not that the amount in controversy exceeds $75,000, this court has diversity jurisdiction and must deny plaintiff's order to remand.

IT IS THEREFORE ORDERED that plaintiff's motion to remand be, and the same hereby is, DENIED.

Dated:  July 1, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[4]    Defendant also asserts that plaintiff's refusal to stipulate to an amount of damages below $75,000 is further evidence of the amount in controversy.  However, courts accord little weight to such stipulations prepared after removal.  See Simmons, 209 F. Supp. 2d at 1033 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938)).